UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                                Case Nos. 04-74700, 07-10083

-vs-                                             Hon:  AVERN COHN

SEVENTY-FIVE THOUSAND EIGHT
HUNDRED NINETY DOLLARS IN UNITED
STATES CURRENCY ($75,890.00 U.S.),

and

REAL PROPERTY LOCATED AT
6137 UNIVERSITY DRIVE, DEARBORN
HEIGHTS, MICHIGAN; 301 GOLFCREST
DRIVE, DEARBORN, MICHIGAN; PALMER
CROSSING, CANTON, MICHIGAN; and
6050 GREENFIELD, DEARBORN, MICHIGAN,
TOGETHER WITH ALL BUILDINGS, FIXTURES,
IMPROVEMENTS AND APPURTENANCES,

    Defendants.

_____/

ORDER

This is a civil forfeiture case.  The government seeks forfeiture of several real properties and $75,890.00 in currency on the grounds that they were acquired through or are the proceeds of health care fraud.  Pending are Claimant Ali Makki's motion to suppress evidence illegally obtained (Dkt. # 25) and a motion by the government to limit discovery in connection with the motion to suppress (Dkt. # 33).[1]

---

[1] The docket report lists a motion to lift stay (Dkt. # 19), filed April 24, 2008, as pending.  This motion was granted based on the Court's May 6, 2008 order vacating the stay.  Also pending is a motion by the government for expedited hearing on its motion to limit discovery (Dkt. # 32).  This motion is DENIED AS MOOT.

The gravamen of Makki's motion is the allegation that Makki's brother, Hussein Makki, was a government agent who provided information and documents from Makki's office without probable case and/or was used as a tool by the government to steal documents from Makki's office.  As such, Makki argues that evidence obtained as a result of the search warrant is tainted and should be suppressed, along with any "derivative" evidence.  Makki also seeks discovery regarding the alleged taint, which includes the depositions of federal agents.  The government maintains that the evidence was not illegally obtained and/or would have been inevitably discovered and/or there is an independent source for the evidence.

In its motion to limit discovery, the government argues that Makki should not be entitled to discovery as to any alleged taint until the Court rules on whether the evidence would have been inevitably discovered or derived from an independent source.

Both motions have generated a lot of paper.  In an attempt to bring the issues into focus, the Court directed the government to file a draft of the judgment of forfeiture and a statement of material facts in sufficient detail to support the judgment together with the documents cited.  The statement of material facts was to trace the evidence (categorically) the government has to date to support its complaints and which was obtained independent of Hussein Makki.  The government was also to file the evidence as exhibits.  The government filed the requested materials, identifying nine categories of evidence it says are independent of any alleged taint.  The government also furnished 29 exhibits which essentially form the evidence supportive of the complaint and which it says were independent of any taint.

At a hearing on the government's motion, in a further attempt to focus the case,

the Court directed Makki to submit a paper taking five (5) of the documents appearing in the 29 exhibits as exemplars and explain why they should be suppressed.  After Makki identifies 5 documents, the Court will hold a conference.

In the meantime, the parties were directed to begin discovery.  The following scheduling order is now in effect:

**Discovery completed by:** January 08, 2010

**Motions filed by:** February 08, 2010

**Final Pretrial Conference set for:** Tuesday, May 11, 2010 at 2:00 p.m.

**Trial set for:** Monday, June 07, 2010 at 9:00 a.m.

The parties are also to adhere to the Motion Practice Guidelines attached as Exhibit A to this Order.

SO ORDERED.


Dated:  October 1, 2009          s/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 1, 2009, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5160